ANNA L. COMPTON, EXECUTRIX, ESTATE OF HORACE F. COMPTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8519.  Promulgated March 16, 1928.

*A. T. Hanson, Esq.*, and *O. H. Johnson, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

28

OPINION.

MORRIS: The only question involved in this proceeding is whether the income was the separate income of the decedent as determined by the respondent, or community income as contended for by the petitioner. We have previously discussed at some length the sections of the Washington statutes relating to community and separate property and the decisions of the courts of that State construing those provisions. *Appeal of Julius and Rebecca B. Shafer,* 2 B. T. A. 640; *B. J. Rucker* v. *Commissioner,* 9 B. T. A. 915. We therefore deem it unnecessary to retrace the ground covered in those prior decisions. The conclusions therein reached were that property owned by the spouses at the time of marriage, together with the rents, issues, and profits therefrom, remained their separate prop-

erty, property not so owned, but acquired after marriage except as indicated above was community property, and where business income was produced in part by separate property and in part by the efforts of the community, and each of these two factors was substantial, the court will attempt to allocate such earnings, but if it appears that the income is to be attributed primarily to one element, the other element may be disregarded.

All of the income in the instant proceeding was derived from the operation of a retail lumber yard owned by the decedent at the date of marriage. Such income was partly attributable to the original investment, which was separate property, to the subsequent accretions thereto, and to the energy, industry and labor of the decedent, the fruits of which were community property. We can not say to which element the income is to be primarily attributed. The decedent and his wife, however, placed a value upon his services by reporting in their returns a total salary of $4,800 for 1922 and $4,200 for 1923, which was not changed by the respondent. Such apportionment appearing to be reasonable, it is held that the above salaries should be treated as community income, and the balance of the income as the separate income of the decedent. See *Appeal of Julius and Rebecca B. Shafer, supra.*

*Judgment will be entered on 15 days' notice, under Rule 50.*